UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                   CIVIL ACTION NO. 18-CV-1004

TWO MILLION DOLLARS IN UBS
SWISS FINANCIAL ADVISERS ACT
CHXXXXXXXXXXXXXXXX-2001,
WITH THE BENEFICIARY LISTED AS
BYERS INVESTMENTS

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who allege the following:

## NATURE OF THE ACTION

1.

This is a civil action in rem brought to forfeit and condemn to the United States Two Million Dollars ($2,000,000.00) (the "defendant property") in UBS Swiss Financial Advisers account CHXXXXXXXXXXXXXXXX-2001, with the beneficiary listed as Byers Investments, representing property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, wire fraud, and as property real or personal, involved in money laundering, or any property traceable to such property, pursuant to 18 U.S.C. § 1956(a)(2), and is, therefore, subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(A) & 984(a) & (b).

## JURISDICTION AND VENUE

### 2.

The United States brings this action in rem in its own right to forfeit and condemn the defendant property.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 983.

### 3.

This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

### 4.

Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. §§ 1391(b)(2), 1395.

## THE DEFENDANT IN REM

### 5.

The defendant property consists of Two Million Dollars ($2,000,000.00) (the "defendant property") in UBS Swiss Financial Advisers account CHXXXXXXXXXXXXXXXX-2001, with the beneficiary listed as Byers Investments.

## FACTS

### 6.

On June 12, 2018, Victim A contacted the Federal Bureau of Investigation about a fraud

that he was the victim of and provided information that Timothy Burge contacted him a few months before with a business proposition.   Burge explained to Victim A that there was a real estate opportunity that he should consider in investing.

7.

He further explained that it was a very large real estate property that would be flipped. Burge told Victim A that two individuals were going in on the investment, each contributing $7,500,000.00.

8.

Burge told Victim A that he could not provide too many details because he signed a Nondisclosure Agreement.   Burge asked Victim A to loan him $1,000,000.00 for the deal, and he would, within a week, get his money back, along with a "fair return." They would also reimburse him for the money that he would be taxed for withdrawing the funds from his investments.

9.

Burge told Victim A that First American Title was the company that would be holding the money in escrow.   Victim A wired $1,000,000.00 from his Capital One bank account in Baton Rouge, Louisiana to a JP Morgan Chase Bank account controlled by Burge.

10.

One week later, Burge told Victim A that they could not close because the taxes needed to be paid.   Burge then asked Victim A for an additional $1,000,000.00.

11.

Victim A wired an additional $1,000,000.00 from his Capital One bank account in Baton Rouge, Louisiana to a JP Morgan Chase Bank account controlled by Burge.

12.

Another week passed, and Victim A became suspicious of the entire deal.   When questioned, Burge told Victim A that they needed to purchase an annex, and it would cost an additional $5,000,000.00.   At this point, Victim A demanded to know the truth about the deal.

13.

Burge confessed to Victim A that he made up the entire transaction to get Victim A to give him his money.   The money that Victim A sent to Burge had in fact, been sent by Burge to Person Z.

14.

Burge, with Victim A present, called Person Z and Victim A demanded his money back. Victim A told Person Z that he would go to the FBI if he did not get his money back.

15.

Special Agents with the FBI interviewed Burge, who admitted that he lied to Victim A to get the money.   He also said he transferred all $2,000,000.00 of Victim A's money to Person Z.

16.

On June 19, 2018, Victim A spoke with Burge and Person Z, and Victim A told Person Z that he believed the money that he sent Burge was for a real estate investment, now thought it was a scam, and wanted his money back.   Person Z indicated that Victim A's money was invested and he could not pay Victim A back.

17.

On August 9, 2018, Victim A met with Burge and Person Z in person in Baton Rouge, Louisiana, and numerous times throughout the meeting, Victim A told Person Z that the money that he gave Burge was based on a lie.   Victim A told Person Z that he had his money because

Burge lied to him to get it.   During their conversation, Victim A asked Person Z where everything is, referring to his money, and Person Z responded that he did not have that it was oversees. Victim A asked if he still had control over the money in the overseas account and Person Z said he had control but did not have control but that he trusted the people to whom he gave Victim A's money.   Person Z assured Victim A that his money was not lost and that it was growing.

18.

FBI began an investigation and learned that the Two Million Dollars Victim A sent to Burge had been sent to Person Z who in turn deposited the funds into his business account, then transferred $1,930,000.00 of Victim A's funds into his JP Morgan Chase savings account and commingled it with funds already in that account.   Then Person Z, by way of a cashier's check, transferred $3,049,849.73 into a TD Bank account he controlled.   This $3,049,849.73 transferred to Person Z's TD Bank account contained Victim A's $1,930,000.00 that had been commingled with Person Z's other funds already in the account.   Then, on July 24, 2018, $3,000,000 was wired by Person Z from this same TD Bank account to UBS Swiss Financial Advisers account number CHXXXXXXXXXXXXXX-2001, consisting of the $1,930,000.00 of Victim A's funds, and other commingled funds in the account. The beneficiary listed on the UBS Swiss Financial Advisers account was Byers Investments.

19.

18 U.S.C. § 984(a) & (b) allows for a forfeiture action in rem of cash deposited into a financial institution without the need to trace, as long as the basis for the forfeiture is commenced within one year of the offense.   The offense in this case occurred between April of 2018 and August of 2018, and this in rem Complaint is well within the one year set forth in 18 U.S.C.§ 984(b).

20.

Based on the foregoing information it is believed, that Burge committed wire fraud to obtain the $2,000,000.00 from Victim A.  It is further suspected that at least $2,000,000.00 Dollars located in the UBS Swiss Financial Advisers account number CHXXXXXXXXXXXXXXX-2001, with the beneficiary listed as Byers Investments, are proceeds of fraud, that were commingled with other funds and deposited into that account within the last twelve months, and is property involved in money laundering, and are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) & 984(a).

21.

Because the fraud proceeds deposited into this account consist of cash, and because cash is fungible, pursuant to 18 U.S.C. § 984(a) & (b) it is not necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture, and any identical property found in the account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section, as long as it is commenced within 1 year from the date of the offense.

22.

It is believed that Two Million Dollars of the funds deposited by Person Z into his UBS Swiss Financial Advisers account CHXXXXXXXXXXXXXXX-2001, with the beneficiary listed as Byers Investments, is forfeitable pursuant to 18 U.S.C. §§ 1343 & 1956(a)(2), and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), because the fraud proceeds deposited into that account were also commingled and involved in a possible money laundering violation.

**LAW**

Based on 18 U.S.C. § 981(a)(1) the following property is subject to forfeiture to the United

States:

> (A)  Any property, real or personal, involved in a transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.
>
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section … or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title) …

18  U.S.C. 1956(c)(7) the term "specified unlawful activity" means –

> (A) Any act or activity constituting an offense listed in section 1961(1) of this title …

18 U.S.C. § 1961(1)

> (B)  … section 1343 (relating to wire fraud) …

Also see, 18 U.S.C. § 984 Civil Forfeiture of Fungible Property

> (a)(1)  In any forfeiture action in rem in which the subject property is cash, … deposited in an account in a financial institution …
>
>> (A)  It shall not be necessary for the Government to identify the specific   property involved in the offense that is the basis for the forfeiture; and
>>
>> (B)  It shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2)  Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

## BASIS FOR FORFEITURE

### 23.

The defendant property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A),

981(a)(1)(C), 984, because it represents property, real or personal, which constitutes or is derived

from proceeds traceable to a violation of 18 U.S.C. § 1343, wire fraud, and as property real or personal, involved in money laundering, or any property traceable to such property, pursuant to 18 U.S.C. § 1956(a)(2),

## CLAIM FOR RELIEF

By reason of the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), & 984.

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

BRANDON J. FREMIN
UNITED STATES ATTORNEY

/s/ James P. Thompson
James P. Thompson, LBN 21090
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jay.thompson@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                         CIVIL ACTION NO. 18-CV-1004

TWO MILLION DOLLARS IN
UBS SWISS FINANCIAL ADVISERS
ACCOUNT CH                    2001,
WITH THE BENEFICIARY LISTED AS
BYERS INVESTMENTS

## **VERIFICATION**

I, Stephanie Hanson, hereby verify and declare under penalty of perjury that I am a Special

Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint

In Rem and know the contents thereof, and that the matters contained in the complaint are true to

my own knowledge, except that those matters not within my own personal knowledge are alleged

on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official

files and records of the United States, information supplied to me by other law enforcement

officers, as well as my investigation of this case, together with other officers, as a Special Agent

of the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of November, 2018.

_Stephanie Hanson_
STEPHANIE HANSON
Special Agent, FBI

9

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Two Million Dollars in UBS Swiss Financial Advisers Account CHXXXXXXXXXXXXXXX-2001, with the beneficiary listed as Byers Investments<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  18-CV-1004 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Two Million Dollars in UBS Swiss Financial Advisers Account CHXXXXXXXXXXXXXXX-2001, with the beneficiary listed as Byers Investments

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    JAMES P. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
777 FLORIDA STREET, ROOM 208
BATON ROUGE, LOUISIANA 70801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  18-CV-1004

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

N. Brooke Avery, Asset Forfeiture Paralegal
*Printed name and title*

U.S. Attorney's Office, Middle District of Louisiana
777 Florida Street, Room 208
Baton Rouge, LA 70801
*Server's address*


Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

Two Million Dollars in UBS Swiss Financial Advisers Account CHXXXXXXXXXXXXXX-2001, with the beneficiary listed as Byers Investments

**(b)** County of Residence of First Listed Plaintiff _____

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

JMAES P. THOMPSON, AUSA
777 FLORIDA STREET, ROOM 208
BATON ROUGE, LOUISIANA 70801 TEL: 225-389-0443

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
       Plaintiff

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☒ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 18, United States Code, Section 981(a)(1)(C), 981(a)(1)(A) and 984(a) and (b)

Brief description of cause:
Forfeiture In Rem

## VII. REQUESTED IN     COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)       IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

11/07/2018

SIGNATURE OF ATTORNEY OF RECORD

/s/ James P. Thompson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____